UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,        )  | CR.No. 03-10370-DPW |
|                                  )  | |
|             Plaintiff            )  | MOTION FOR |
|                                  )  | PRETRIAL RELEASE |
|                                  )  | MEMORANDUM IN |
|        v.                        )  | SUPPORT THEREOF |
|                                  )  | |
|                                  )  | |
| SCOTT MYERS                      )  | |
|                                  )  | |
|             Defendant.           )  | |
| _____  )  | |

COMES NOW DEFENDANT SCOTT MYERS by and through his attorney of record and moves this Honorable Court for an Order directing that he be released pretrial subject to reasonable conditions of release.

This motion is made on the ground that there exist conditions or combination of conditions that would reasonably assure defendant SCOTT MYERS's appearance at trial; that he is not a flight risk and that he is not a danger such that he would continue to engage in criminal activity that would be to the detriment of the community.

MEMORANDUM OF POINTS AND AUTHORITIES

"Each Defendant is unique and each is entitled to have his case decided with a recognition of that." United States v. Patriarca, 776 F. Supp. 593,597(D.C.Mass. 1991) remanded 948 F.2d 789 (1st Cir. 1991). "Detention determinations ...must be based on

the evidence which is before the court regarding the particular defendant." <u>United States v. Tortora</u>, 922 F 2d.880, 888 (1st Cir. 1990).

### Preliminary Statement

SCOTT MYERS stands charged with his co-defendants in a conspiracy to distribute marijuana. According to the Indictment, other than the general conspiracy in count I, it is not alleged that SCOTT MYERS possessed or distributed marijuana at any time. All that has been alleged at the detention hearing is that MYERS attempted to collect an alleged $26,000 debt, which was owed for marijuana allegedly distributed by a co-defendant to a cooperating witness.  At this time it is completely unknown what role the government is alleging that Mr. MYERS engaged in during the alleged conspiracy other than the alleged act of assisting in collecting a debt for an unspecified past alleged transaction from February 2003. <u>See</u> Detention Hearing Transcript (DHT) 12 16/03 at 43- 48, Affidavit of Agent Barton at 47-51. **No contact was ever made with the person who allegedly owed the debt and st no time is it alleged that Mr. MYERS made any actual threats to anyone**. What is known is that the government did not consider him an immediate danger to the community in that they made no attempts to arrest him until several months after his alleged activity. What is also known is that **Mr. MYERS voluntarily turned himself in** to Agent Barton in December

2003 after he learned that the government had an arrest warrant for him.

## Applicable Authority and Analysis

The government has moved for pre-trial detention of Ms. SCOTT MYERS, apparently pursuant to 18 U.S.C. § 3142(f)(1)(C), and (f)(2). Under said provisions the government contends that Mr. MYERS is both a flight risk and a danger to the public.

The United States Court of Appeals for the First Circuit has made clear in <u>United States v. Patriarca</u>, <u>supra</u> at 597. that "Danger ... means more than physical violence. This also refers to the danger Defendant might engage in criminal activity to the detriment of the community." <u>Id.</u> See also <u>United States v. Tortora,</u> <u>supra</u> at 884 wherein the court stated: "Requiring that release conditions *guarantee* the community's safety would fly in the face of Congress's intent that **only a limited number of defendants be subject to pretrial detention**...[T]he courts cannot demand more than an objectively reasonable assurance of community safety," *citations and internal quotation omitted, emphasis added.*

Although the instant case, on the face of the indictment is one where there is a rebuttable presumption that no combination of conditions of release will reasonably assure defendant's appearance or the safety of the community (**although the Court may take note of**

**the weakness of the evidence on the conspiracy count**), <u>cf contra e.g.</u> <u>United States v. DiGiacomo</u>, 746 F.Supp.1176, 1181 (D.C.Mass. 1990), Mr. MYERS, per the expected Pre-Trial Services report, and other evidence expected to be presented at the hearing on this motion, will submit substantial evidence which demonstrates that at a minimum conditions of release can be formulated which would assure his appearance and alleviate any concern for public safety. While under 18 U.S.C. §§ 3142(e), a district court is to presume that no condition(s) would reasonably assure defendant's appearance at trial or the safety of the community absent sufficient rebuttal evidence, evidence exists that Mr. MYERS has life-long ties to the Boston area. Both his mother, Susan MYERS, and a friend, Maxine Hutchinson, are willing to act as third party custodians, and provide a residence for Mr. MYERS pending trial. Mr. MYERS is also willing to submit to various restrictive conditions of release such as curfew or electronic monitoring. Such satisfies his burden of production, <u>see, e.g.</u>, <u>United States v. Jessup</u>, 757 F.2d 378, 384 (1st Cir. 1985)(defendant need only produce "some evidence" to rebut presumption). The burden of persuasion remains on the government.. <u>See id.</u>; <u>see also</u> <u>United States v.Perez-Franco</u>, 839 F.2d 867,870(1st Cir. 1988)(per curiam).

   As for risk of flight, the government must establish by a preponderance of the evidence that no set of conditions of release will reasonably assure the presence of the defendant as required. <u>See</u> <u>United States v. Patriarca</u>, <u>supra</u> at 793 (preponderance of

4

evidence standard applies to risk of flight determinations). To measure whether the government has met this burden, the district court is required to take into account the relevant factors set forth in §§ 3142(g): (1) the weight of the evidence as to guilt; (2) the nature and circumstances of the crime charged; and (3) the characteristics of the accused, including community and family ties, past history, financial resources and employment <u>United States v. Kattar</u>, No. 92-1126 (1st Cir. 04/21/1992).

Under the Bail Reform Act liberty is the norm, release is favored and release is mandated in the least restrictive manner that will adequately assure a defendant's appearance at trial. <u>See generally:</u> <u>United States v. Himler,</u> 797 F.2d 156,159(3rd Cir. 1986); <u>United States Montamedi,</u> 767 F.2d 1403,1405(9th Cir. 1985);18 U.S.C. § 3142(c)(B). Any doubts concerning release should be resolved in favor of the defendant. <u>United States v.Townsend</u>, 897 F.2d 989,994(9th Cir. 1990).

## Conclusion

Mr. SCOTT MYERS is a U.S. citizen, life-long resident of Boston and he has significant ties to the community. Both his mother, and close friend, Maxine Hutchinson, are willing to have Mr. MYERS reside with one or the other of them pending trial subject to any conditions that the court deems appropriate. Mr. MYERS, therefore, respectfully requests and submits that there are reasonable conditions of release that this Honorable Court

could impose that would assure his appearance at trial and the safety of the community.

Date: January 13, 2004        Respectfully submitted,

*Michael C. Bourbeau*

MICHAEL C. BOURBEAU, BBO # 545908
21 Union Street
Boston, MA 02108
(617) 722-9292
Attorney for Defendant
SCOTT MYERS

Certificate of Service

I, MICHAEL C. BOURBEAU, hereby certify that I have caused to be served a copy of the within motion upon all counsel of record, this date by hand, fax, or mailing said motion by first class mail to each said person.

Dated: January 13, 2004    *Michael C. Bourbeau*
MICHAEL C. BOURBEAU