# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

   v.           CRIMINAL NO. 2003-10370-DPW-05

SCOTT MYERS.

## *ORDER OF DETENTION PENDING TRIAL*

COLLINGS, U.S.M.J.

  In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

\_\_\_\_ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense)(state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    \_\_\_\_ a crime of violence as defined in 18 U.S. C. §3156(a)(4).

    \_\_\_\_ an offense for which the maximum sentence is life imprisonment or death.

    \_\_\_\_ an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Enforcement Act.

    \_\_\_\_ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

\_\_\_\_ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

\_\_\_\_ (3) A period of not more than five years has elapsed since the (date of

conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

\_\_\_\_   (4)   Findings Nos (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonable assure the safety of (an)other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

\_\_\_\_   (1)   There is probable cause to believe that the defendant has committed an offense.
  \_\_\_\_   for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act
  \_\_\_\_   under 18 U.S.C. §924(c).

\_\_\_\_   (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community.

### Alternative Findings (B)

\_\_x\_\_   (1)   There is a serious risk that the defendant will not appear.
\_\_x\_   (2)   There is a serious risk that the defendant will endanger the safety of another person or the community if released.

### Part II - Written Statement of Reasons for Detention

**The defendant is charged with conspiracy to possess with intent to distribute and to distribute a large quantity of marijuana. The Government's evidence in this case is that Myers was commissioned to collect a drug debt by force. His record is extensive. As a juvenile, he was convicted of breaking and entering in the daytime, assault and battery, knowingly receiving stolen property and possession of burglarious tools. As an adult, he was convicted of armed robbery in the Suffolk Superior Court in 1988 and was sentenced to fifteen years imprisonment. He has a prior adult conviction for conspiracy to violate the Controlled Substances Act. On the question of non-appearance, he has a prior conviction for escape. In 1995, he was convicted of knowingly receiving stolen property, and then was convicted of the same offense in 2000. Also in 2000 he was convicted of possession of a Class A substance. This offense was committed while he was on release from the West Roxbury District Court. He was on probation from the Roxbury District Court when he is alleged to have committed the offense charged in Count I of the instant case. In short, the defendant does not comply with terms of release or terms of probation. There are numerous defaults on his record. There are no conditions or conditions of release which will reasonably assure his appearance. I note that he proposes to be supervised on electronic monitoring and live with a woman who once was forced to take out a restraining order against him. Release on such conditions gives me no confidence whatsoever.**

**Based on his prior record, which has been proven by clear and convincing evidence, I find that, if released, he would be a danger to the community, and there are no conditions or**

**combination of conditions which will reasonably assure that he would not be. Although he has met his burden of production,  I rely  to some extent Congress' judgment that defendants who have probably committed serious drug felonies are dangerous and pose particularly great risks of flight.  Such reliance is permissible under First Circuit law.** *United States v. Jessup*, **757 F.2d 378 (1 Cir., 1985);** *United States v. Palmer-Contreras*, **835 F.2d 15, 17-8 (1 Cir., 1987).**

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appear.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.


*/s/ Robert B. Collings*

_____ ROBERT B. COLLINGS
United States Magistrate Judge


Date: February 5, 2004.