UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 03-10370-DPW |
| v. ) | |
| ) | |
| 7. SCOTT MYERS, ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S OPPOSITION TO SCOTT MYERS' MOTION FOR PERMISSION FOR DIRECT APPELLATE REVIEW DENYING THE ENTERTAINING OF PRESENTING MOTION TO SUPPRESS DURING DETENTION HEARING

The United States of America, by its attorneys, United States Attorney Michael J. Sullivan, and Assistant U. S. Attorney Rachel E. Hershfang, hereby opposes Scott Myers' ("Myers") motion for appellate review of the Magistrate Judge's refusal to hear his suppression arguments during the detention hearing. As more fully explained below, a detention hearing is not a suppression hearing; the two are governed by different procedural rules (and different notice requirements); the defendant did not indicate, until he decided to represent himself and proceeded with the detention hearing, that he intended to raise suppression issues; suppression arguments are not yet ripe; and no review is required beyond this Court's review.

**A.  Detention Hearings are Substantively and Procedurally Different from Suppression Hearings.**

A detention hearing is "a fundamentally different breed of cat" from a suppression hearing. United States v. Ingraham 832 F.2d 229, 237 (1st Cir.1987) (rejecting defendant's argument that statements made at his detention hearing cannot be used against

him; distinguishing between detention hearing and suppression hearing). In Ingraham, the First Circuit explicitly rejected the contention that detention and suppression hearings are analogous, affirming that "the two types of hearings are fundamentally different and therefore do not warrant identical treatment." Id. A "court [i]s not required to turn the bail revocation hearing into a motion to suppress evidence." United States v. Pasciuti, 1992 WL 51482, 6 (1st Cir. 1992).[1]

Indeed, the two are fundamentally different proceedings, with different objectives, governed by different rules. Under the Bail Reform Act of 1984, a defendant is entitled to a hearing to determine whether pre-trial detention is warranted. 18 U.S.C. §3142(f). The hearing "shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the government seeks a continuance."

A suppression hearing, on the other hand, takes place later in the proceedings and is governed by Fed. R. Cr. P. 12, which includes "a motion to suppress evidence." Fed. R. Cr. P. 12(b)(3)(C). A defendant seeking to suppress evidence must file a written motion and give the opposing party five days notice. Fed. R. Cr. P. 47. In this case, as the record bears out, no

---

[1] Pasciuti is applicable to initial detention hearings. The case "deal[t] with the prompt review provision, 18 U.S.C. §3145, rather than the prompt initial hearing provisions. A prime objective of both, however, is expeditious resolution of bail matters so that a defendant not be improperly detained." Pasciuti, 1992 WL at 3.

such motion was filed, and no such notice was given. Thus, the Court properly denied Mr. Myers' attempts to suppress evidence at the initial detention hearing.

B. **Insofar as Myers' "Motion to Suppress" Sought to Bar the Government's Use of Tape-Recorded Evidence at the Detention Hearing, that Use was Proper and Not Subject to Suppression.**

Even were Myers allowed to appeal the denial of his oral attempts to suppress, either to this Court or to the First Circuit, that appeal would be futile. To the best recollection of the undersigned, who conducted the detention hearing,[2] Myers' "motion to suppress" took the form of objections made to the use of various tape-recordings during the hearing. These recordings were properly admitted by Judge Collings. "The rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. §3142(f)(2)(B). Thus, the First Circuit has recognized that "[w]hile the admissibility of the [tape] recordings may be an issue at trial, that circumstance does not preclude their use at a bail hearing." United States v. Tortora, 922 F.2d 880, 886 (1st Cir. 1990). The government's use of the tape recorded evidence at the detention hearing was therefore entirely proper. See id.; see also United States v. Shea, 749 F.Supp. 1162, 1168-69 (D. Mass. 1990).[3]

---

[2]Although the transcript has been ordered at the request of the defendant, it is not yet available.

[3]Even if Myers' "suppression motion" was a motion to suppress the wiretap, it was still not properly presented at the

## Conclusion

Myers has identified no right, constitutional or statutory, to have his motion for suppression of evidence heard at a detention hearing. As described above, no such right obtains; to the contrary, it is expected that evidence used at a detention hearing may later be litigated during a suppression hearing. Myers may appeal the entry of an order of detention (as he has done), but may not seek to advance his suppression arguments under the rubric of a detention hearing. His motion for review, whether by this Court or the First Circuit, should be denied.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

By: _____
RACHEL E. HERSHFANG
Assistant U.S. Attorney

Dated: February 27, 2004

CERTIFICATE OF SERVICE
This is to certify that I have this day served upon the person listed below a copy of the foregoing document by first class mail:

---

detention hearing. First, no such motion was filed. Second, insofar as the motion was based on a failure to disclose wiretap evidence ten days before its use, pursuant to 18 U.S.C. §2518(9), the government moved for permission to use this evidence at the detention hearing, notwithstanding that requirement, and that motion was allowed. As noted in Shea, if the government was subject to 18 U.S.C. §2518(9), "the government could never use tape recorded evidence at the initial detention hearing before a magistrate because the 10-day rule would 'swallow up' the three day detention rule." Shea, 749 F.Supp at 1169.

4

James M. Merberg, Esq.  
66 Long Wharf  
Boston, MA 02110

Kevin J. Reddington, Esq.  
Kevin J. Reddington Law Office  
1342 Belmont  
Brockton, MA 02301

John T. Diamond, III, Esq.  
15 Foster  
Quincy, MA 02169

Adam A. Rowe, Esq.  
Crowe & Dunn, LLP  
141 Tremont St.  
Boston, MA 02111

Scott Myers #036662  
Plymouth County HOC  
26 Long Pond Road  
H-3 #329  
Plymouth, MA 02360

Owen S. Walker, Esq.  
Federal Defenders Office  
408 Atlantic Avenue  
Boston, MA 02109

William J. Cintolo, Esq.  
803 Hancock  
Box 189  
Quincy, MA 02170

This 27th day of February, 2004

_____  
RACHEL E. HERSHFANG  
ASSISTANT UNITED STATES ATTORNEY

5