3-4-04

CMG

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
) No. 03-10370-DPW
v. )
)
7. SCOTT MYERS, )
)
Defendant. )

**GOVERNMENT'S [INITIAL] RESPONSE TO SCOTT MYERS'
EX PARTE OMNIBUS RELIEF MOTION**

By order dated February 25, 2004 (and received by the
undersigned today, March 2, 2004), the United States has been
directed to respond to a motion by *pro se* defendant Scott Myers
("Myers") regarding his access to discovery materials, legal
research resources, and a typewriter.  Although the Court has
allowed until March 10 for a response, the undersigned is leaving
this evening on vacation and will not return until March 15,
2004.  Accordingly, this initial response is filed now, and the
government respectfully requests an additional 9 days (until
March 19, 2004) to file an additional response, to include
information provided to the U.S. Marshals, as well as any
subsequent legal research.

**I.    Facts**

Defendant Scott Myers ("Myers"), having qualified for
appointed counsel and having had two experienced lawyers
appointed to represent him, chose to proceed *pro se* in this
action.  The proceeding in which Myers made this election was
conducted *ex parte*, presumably so that Myers could freely air his

grievances and he and his attorney could discuss the attorney-client relationship, out of the hearing of the attorney for the government.

Myers now asks this Court for relief in the form of orders directed to the Plymouth County House of Correction regarding his alleged conditions of confinement and his (allegedly) restricted access to both discovery materials produced by the government and legal research materials.

The undersigned Assistant U.S. Attorney has spoken, as directed, with a Deputy U.S. Marshal (Jeff Bohn), and has forwarded Deputy Marshal Bohn a copy of Myers' pleadings.   Deputy Marshal Bohn has agreed to contact Plymouth County Correctional Facility ("PCCF") to ascertain the truth of the allegations made by Myers.   Upon response from PCCF, either the undersigned or the U.S. Marshals Service will advise the Court.

II.   **Myers' _Pro Se_ Status Does not Entitle Him to Treatment Different from that Afforded Other Inmates.**

A criminal defendant who elects to proceed _pro se_ accepts certain limitations, of which he or she is customarily advised.[1] See, e.g., United States v. Pina, 844 F.2d 1, 5-6 (1st Cir.

---

[1]The First Circuit has explained that "[a] judge is not required to give any particular form of warning prior to allowing a defendant to proceed pro se. United States v. Hafen, 726 F.2d 21, 25 (1st Cir.1984). All that is required is that the defendant 'be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open."'" Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975) (citation omitted)." United States v. Pina, 844 F.2d 1, 6 & n.3 (1st Cir. 1988).

1988). "When a defendant refuses assistance of appointed counsel, he has no right to unqualified access to a law library or the materials therein." Id. at 5, n.1 (citations omitted). In Pina, the defendant appealed his conviction after having proceeded pro se with the assistance of stand-by counsel. The First Circuit affirmed the conviction, noting that "[b]efore and throughout his trial, Pina consistently and adamantly refused appointment of counsel from the public defender's office. He was allowed to proceed pro se only after the court had specifically warned him that, due to his incarceration, he would have limited access to legal materials." Id. at 5. After his conviction, however, Pina challenged his lack of access to the law library. The First Circuit affirmed the conviction, noting that defendant's "access to legal materials was subjected only to 'some limitations,' precisely as he had been warned, in no uncertain terms, by the court before it accepted his waiver of counsel." Id. at 6. See also, United States v. Wilson, 690 F.2d 1267, 1271 (9th Cir. 1982) ("the [Faretta] Court specifically recognized that a criminal defendant who exercises his right to reject counsel necessarily relinquishes many of the benefits associated with representation by counsel. Nowhere did the Faretta Court suggest that the Sixth Amendment right to self-representation implies further rights to materials, facilities, or investigative or educational resources that might aid self-representation. We decline to interpret the right to self-

representation under the Sixth Amendment to include a right to conduct one's own research at government expense.")

Indeed, in similar situations, courts routinely reject *pro se* defendants' efforts to secure for themselves preferential treatment to that afforded other prisoners. <u>See, e.g.</u>, <u>Thomas v. Campbell</u>, 12 Fed. Appx. 205, 2001 WL 700839 (6th Cir., June 12, 2001) (unpublished disposition) (affirming denial of dismissal of *pro se* defendant's §1983 claim, based on limited access to law library to assist in his *pro se* defense of two pending cases; noting "[t]here is no constitutional right to any particular number of hours in the law library," citing <u>Walker v. Mintzes</u>, 771 F.2d 920, 932 (6th Cir.1985); <u>see also</u>, <u>United States v. Sarno</u>, 73 F.3d 1470, 1491 (9th Cir. 1995) (although Sixth Amendment requires that *pro se* defendant who is incarcerated "be afforded reasonable access to 'law books, witnesses, or other tools to prepare a defense' [citations omitted], [t]he right of access is not unlimited, but must be balanced against the legitimate security needs or resource constraints of the prison.").

Faced with a convicted defendant who made an argument similar to that advanced here by Myers, the Eighth Circuit noted,

> "'[p]ro se defendants have a right of access to adequate law libraries or adequate assistance from persons trained in the law.' United States v. Knox, 950 F.2d 516, 519 (8th Cir.1991) (quotations omitted). But a pretrial detainee has no abstract right to

4

> law libraries or legal assistance; he must
> "demonstrate that the alleged shortcomings
> ... hindered his efforts to pursue a legal
> claim." Lewis v. Casey, 518 U.S. 343, 351,
> 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

United States v. Kind, 194 F.3d 900, 905 (8th Cir. 1999).  In
that case, the court noted, the defendant "rejected society's
most fundamental guarantee of a fair trial -- the services of
appointed counsel and all the resources at counsel's command to
prepare and implement the best possible trial defense."  Id.  He
then complained to the court "about limited access to legal
materials at the state institutions where he was being detained,"
as Myers does here, and was offered (and accepted) stand-by
counsel.  Id.  Given these efforts, the court noted, the
defendant failed to show any prejudice to his ability to prepare
his defense.  The court went on to express "serious doubts
whether a pretrial detainee who exercises his constitutional
right to represent himself at trial thereby becomes entitled to
legal resources over and above what are provided to the general
inmate population [quotation omitted]. But in any event, it is
clear that the district court carefully protected [defendant]'s
right to a fair trial after he foolishly decided to represent
himself. The right to due process requires no more."  Id.

## III. **Conclusion**

Myers has chosen to represent himself, rejecting two
experienced, appointed counsel.  Presumably, he did so with full

5

knowledge of the possible shortcomings of so doing, including the possibility that his incarceration would limit his access to discovery and to legal research. Assuming *arguendo* that Myers' claims about the limited access he is afforded at PCCF are true, he has made no showing that he has been denied any right. Given Myers' complaints, however, the following alternatives are respectfully suggested for the Court's consideration: (1) engage in further colloquy with Myers to determine whether, given the liabilities he has encountered, he maintains committed to representing himself; and (2) if Myers wishes to continue to represent himself, offer to appoint stand-by counsel.

The government respectfully requests the right to supplement this response no later than March 19, 2004, as requested above.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

By:

RACHEL E. HERSHFANG
Assistant U.S. Attorney

Dated: March 2, 2004

CERTIFICATE OF SERVICE
        This is to certify that I have this day served upon the person listed
below a copy of the foregoing document by first class mail:

Scott Myers #036662
Plymouth County HOC
26 Long Pond Road
H-3 #329
Plymouth, MA 02360
        This 2nd day of March, 2004

RACHEL E. HERSHFANG

6