


**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

March 2, 2004

<u>By First Class Mail</u>

Scott Myers #036662
Plymouth County HOC
26 Long Pond Road
H-3 #329
Plymouth, MA 02360

     Re:  <u>United States v. Douglas Bannerman et al.</u>
          Criminal No. 03-10370-DPW

Dear Mr Myers:

    I write in response to your request for discovery, dated February 11, 2004, which I received on February 17. For ease of reference, your requests are repeated below, followed by the government's responses.

    1.    All Bates Numbers -- start number, end number, and numbers in between; [sic] for my discovery has been passed down from two attorneys.

    **Response**: If you review the discovery and find you are missing particular pages, you will be provided with additional copies of those pages. A full set of discovery was provided to your counsel. There is considerable government expense involved in producing a new set of the discovery, and it is your lawyers' obligation to have passed it on to you. If they have not done so, please let me know.

    2.    Copies of all tape recordings were given to predecessor counsel; (3) three of six tapes were blank.

    **Response**: If blank tapes were inadvertently sent to your counsel, they will be replaced. However, without knowing which tapes were blank, this is not possible. Please notify me which tapes you need (by referring to the "N" number on the tape), and

copies will be provided. Please note, however, that a full set of the recordings in the case (both tapes and compact discs) is available for your review at Plymouth.

   3.   Copies of all video recordings.

**Response**: Video recordings are available for review and order at Apex Communications. Because you are incarcerated and cannot review them at Apex, you may be provided with copies of particular video recordings that you identify as relevant. Please note, however, that these recordings are not subject to automatic discovery, except to the extent that you were consensually intercepted on the recording, or made a statement on the recording, or to the extent that the recording is exculpatory within the definition of Local Rule 116.2(B)(1). Therefore, to the extent you identify tapes that do not fall into one of those categories, the government reserves the right to decline to comply with your request. Please identify individual videotapes that you are interested in (again, please refer to the tape by "N" number) and they will be reviewed and, if not unduly burdensome, a copy will be provided for your review.

   4.   Copies of all recordings transferred to compact disc format.

**Response**: This request is unclear. If you are asking for copies of all recordings on compact disc, those are available for your review at Plymouth, as noted in the response to request number 2. If you are asking that the government transfer from audiotape to compact disc all of the recordings made on audiotape, the government declines to comply with this request as it is unduly burdensome and seeks discovery outside the scope of the automatic discovery requirements.

   5.   Turret Tapes/Transcripts of December 3, 2003, of Milton Police communications in regard to allege[d] pursuit by D.E.A. and Milton-Boston police.

**Response**: If such tapes exist, they will be provided to you if they contain evidence that pertains to the pursuit on December 3, although such production is not, in my view, required at this time.

   6.   Copies of identification procedure used by the United States witness "Milton Police Officer"; photo spread or other display of the defendant.

**Response**: You have received a DEA-6 report describing the

2

surveillance and attempted arrest on December 3, 2003; that report lists the names of officers involved in the surveillance. (Bates no.s 4448-4450). TFA George McGlauthlin is the officer who identified you as the driver on that day. A photograph of you that was used to identify you during the investigation has been produced and is Bates no. 4959. When it is determined whether this photograph is the one by which TFA McGlauthlin made the identification, or whether another photograph was used, you will be notified of that response. If it was another photograph, that photograph will be produced to you.

    7.    Names of Milton police involved in allege[d] pursuit.

**Response**: This information has been requested and will be provided to you upon receipt.

    8.    Name of any and all officers alleged to identify the defendant.

**Response**: As noted above, TFA George McGlauthlin identified your photograph following the December 3, 2003 attempted arrest. In addition, as he testified at your detention hearing, Special Agent Dennis Barton identified you at the time of your arrest, after surveillances in which you had been seen. Additional officers who can identify you based on surveillances are reflected in the DEA-7 reports produced in automatic discovery.

    9.    Copy of all "Summary Reports" of Target telephones 1, 2, 3, and 4.

**Response**: By "summary reports," it is assumed you refer to the reports due to be filed at 10-day intervals during the court-authorized interceptions ("10-day reports"). The government declines to comply with this request. There has been no showing that such reports contain any discoverable information, and the request for discovery does not contain any factual assertions or legal arguments that would warrant straying from the well-established legal precedent that ten-day reports are not discoverable. As district courts faced with just such motions have consistently noted, "[p]repared as a summary of information to assist the court in judging compliance with its authorization order, progress reports do not provide a defendant with any original information beyond what can be found in the tapes, transcripts, and monitor log sheets." United States v. Wright, 121 F.Supp.2d 1344, 1350 (D.Kansas 2000)(citation omitted). The government's wiretap applications, the wiretap orders and the wiretap line sheets have already been produced in discovery; thus, "the defendants already possess the best source of

3

information provided by the government to the issuing court", id., as well as the best source of information for challenging the legality of the wiretap itself or the government's conduct of the wiretap investigation. See also United States v. Orozco, 108 F.R.D. 313, 316-317 (S.D. Cal. 1985) (rejecting for the same reasons, all five of the defendants' arguments for compelling production of wiretap progress reports); United States v. Marchman, 399 F.Supp. 585, 586 (E.D.Tenn. 1975)(holding that access to ten-day reports was unnecessary since the defendant had access to the wiretap application and order; since the defendant had had the opportunity to listen to the recordings of the intercepted communications; since the ten-day reports "are not required by law and the matter is left to the discretion of the issuing judge"; and since "[t]he sufficiency of these reports is also a matter for the issuing judge")(citing United States v. Iannelli, 477 F.2d 999, 1002 (3rd Cir. 1973) (holding that the sufficiency of wiretap progress reports was a matter for the issuing judge, who had the discretion to dispense with such reports entirely); and United States v. Brodson, 390 F.Supp. 774 (E.D.Wis. 1975)(denying defendants' motion for discovery of ten-day reports because "they represent but summaries of the monitored conversations which are available in full for firsthand examination by the defendants" and because "an authorizing judge had broad discretion and can dispense with such progress reports entirely")(citing Iannelli).

   10.   All inculpatory evidence.

   **Response**: Evidence has been produced to you as required by Local Rule 116.1(C). Under Local Rule 116.3(D), "[a] defendant participating in automatic discovery must not request information expressly required to be produced under L.R. 116.1; all such information is by these Local Rules deemed ordered by the court to be produced." Your request for "all inculpatory evidence" includes evidence that has been produced to you under Local Rule 116.1. Any specific discovery requests you make will be considered; however, as phrased, this request is overly broad and the government declines to comply with it at this time.

   11.   All exculpatory evidence.

   **Response**: Insofar as you seek exculpatory evidence as defined in Local Rule 116.2(B)(1), that evidence has been produced to you, and the government will continue to produce any new such exculpatory evidence, in accordance with its continuing discovery obligations. Insofar as you seek exculpatory evidence as defined in Local Rule 116.2(B)(2), that discovery is not yet due, and the government therefore declines to comply with this

4

request at this time.

12. Copy of Indictment Grand Jury minutes.

**Response**: Believing this to be a request for a grand jury transcript, the government declines to comply with this request at this time. Grand jury materials are not subject to automatic discovery and there has been no showing of necessity.

                Very truly yours,

                MICHAEL J. SULLIVAN
                United States Attorney

    By: _____
                Rachel E. Hershfang
                Assistant U.S. Attorney

cc:   Ms. Gina Affsa
      Clerk to the Hon. Robert B. Collings

5