United States District Court
District of Massachusetts

United States of America ) No. 03-10370-DPW
                         )
         vs.             ) Defendant's Opposition to Government's
                         ) Opposition to Scott Myers' Motion for
Scott Myers              ) Permission for Direct Appellate Review
                         ) Denying the Entertaining of Preventing
                           Motion to Suppress During Detention Hearing

The defendant, Scott Myers, respectfully moves this Honorable Court to deny the government's opposition to the Defendant's Motion for Permission for Direct Appellate Review of the Denial of the Entertaining of Preventing Motion to Suppress During Detention Hearing where the defendant, in accordance to the Title III of the Omnibus Crime Control and Safe Streets Act of 1968, moved to suppress the contents of wire and oral communication (not tape recording according to AUSA's "best recollection" as contained in its opposition motion) intercepted and evidence derived therefrom pursuant to the defendant's secured 1st, 4th, 5th, 6th, 8th, and 14th Amendment Rights to the United States Constitution where review is now requested beyond this Court's review.

(1)

I

Detention Hearings are "Hearings" Subject to Title III Interceptions of Communications Suppression and Evidence Therefrom

A detention Hearing is a "Hearing" made clear in 18 U.S.C. 2518(10)(a) that states, "Any aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States, a state, or political subdivision thereof, may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom on the grounds that —

(i) the communication was unlawfully intercepted;
(ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or
(iii) the interception was not made in conformity with the order of authorization or approval

The government moves for pre-trial detention of the defendant apparently pursuant to 18 U.S.C. 3142(f)(1)(C) with evidence that should have been suppressed in accordance to 18 U.S.C. 2518(10)(a).

(2)

Harmfully, in violation of the Constitution and 18 U.S.C. 2518 (10)(a) the government presented before this Honorable court (i) a communication [that] was unlawfully intercepted; (ii) a order of authorization and approval under which [the communication] was insufficient on its face; and (iii) interception [that] was not made in conformity with the order of authorization or approval. The defendant objected. The defendants position is/and was to suppress this unlawfully introduced evidence at his detention hearing being the government's case is 99% based upon the interception of wire tap communications and evidence derived therefrom. This is not as the AUSA alleges in its opposition that the defendant's position was, "based on a failure to disclose wire tap evidence ten days before it's use, pursuant to 18 U.S.C. 2518(9)". The defendant was not allowed to present based upon 18 U.S.C. 2518(1). Please let the record state.

(3)

In addition, the grounds for the defendant's motion were not prevented by defendant's counsel because defendant's counsel did not effectively represent the defendant on this matter (suppression) nor on various others leaving the defendant to surprisingly independently move. This is allowed by 18 U.S.C. 2518(10)(a) which pertinently states, "such motion shall be made before the trial, hearing, or proceeding unless there was no opportunity to make such motion or the person was not aware of the grounds of the motion. So, the government's argument in opposition relying on F.R.Cr.P. 12 and 47, no such right obtains.

The tree and the poisinous fruit the government used to convince this court (and if not detected- the jury) to erroneously detain the defendant was and is subject to suppression at the defendant's detention hearing as the AUSA clearly brings no valid legal opposition in its opposition.

(4)

The common bedrock thread to the defendant's position rests on a fundamental axiom of American Law, rooted in our history as a people and requiring no citations to authority, that the requirements of the Constitution prevail over a statue in the event of a conflict, as in the instant case of, "Suppression of unlawful Title III wire interceptions at a "detention hearing", more importantly when the is used to, as a tool, to undraw the defendant's secured rights to due process examination by this Court concerning the defendant's life, limb, and liberty.

Conclusion:

The defendant has identified every right under the Constitution and statutory law to have a motion to suppress heard at his detention hearing, especially, when Title III wire tap and evidence therefrom is used at this same hearing. His Motion for Review, be it by, this Honorable court, or the First Circuit Court of Appeals, should be allowed.

Respectfully Submitted,

Dated: March 4, 2004
Defendant Reserves Right
for Addendum in light of
his inability to adequately
research law applicability.

By: /s/ Scott Myers
Scott Myers 36662
Plymouth County House of Correction
26 Long Pond Road, G-Unit
Plymouth, MA 02360

I hereby certify that I have sent prepaid mailing to Racheal Hershfang, United States Attorney's Office, One Courthouse Way, Boston, MA 02210

/s/ Scott Myers

March 4, 2004

Ms. Gina Affsa
United States Clerk
United States Court House
One Courthouse Way

Scott Myers 36662
Plymouth County Correctional Facility
26 Long Pond Road G-Unit
Plymouth, MA 02360

RE: United States v. Scott Myers
    No. 03-10370-DPW

Dear Ms. Affsa:

Could you please docket the Defendant's Opposition to the Government's Opposition to Scott Myers' Motion for Permission for Direct Appellate Review Denying the Entertaining of Preventing Motion to Suppress Arising Detention Hearing.

Also, would you at your earliest possible convenience send me the docket entries to this matter.

Very Truly Yours,

Scott Myers
Scott Myers

Enclosures: