UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 03-10370-DPW |
| | ) |
| 7. SCOTT MYERS, | ) |
|    et al. | ) |

**GOVERNMENT'S MEMORANDUM IN RESPONSE
TO DEFENDANT'S REQUEST FOR REVIEW OF DETENTION DECISION**

The United States of America, through counsel, Michael J. Sullivan, United States Attorney, and Rachel E. Hershfang, Assistant United States Attorney, submits this memorandum in anticipation of the March 24, 2004 hearing on, inter alia, Scott Myers' ("Myers") Motion for Release from Custody (docket no. 49). Given the current procedural posture of the case against Myers, who was ordered detained by the Hon. Robert B. Collings on February 5, 2004, this memorandum treats that motion as a request that this Court revoke or amend the existing order of detention.

For the reasons set forth below, the government submits that Myers was properly ordered detained, and that decision should not be disturbed. The government further maintains that the Court may decide this matter based on the substantial record from the detention hearing, and need not hold a further evidentiary hearing.

**I.  Facts**

Myers is charged, along with seven other defendants, with

1

participating in a marijuana-distribution conspiracy involving 100 kilograms or more of marijuana. The statutory presumption set forth at 18 U.S.C. §3142(e) applies; upon on a finding of probable cause that the defendant committed the crime, there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." The issuance of the indictment establishes probable cause; thus, this presumption applies in Myers' case.

A detention hearing was held and Myers, acting *pro se*, cross-examined the sole government witness. (A copy of the transcript of that hearing is attached at Tab 1 [hereinafter 1/22/40 Tr.]; copies of the transcripts of the first phase of the detention hearing, which were admitted at that hearing as Government Exhibits 14 and 14a, are attached at Tabs 2 and 3 [hereinafter 12/16/04 Tr., 12/17/04 Tr.].)

At the hearings, the government adduced evidence that Myers had acted as a debt-collector for other members of the marijuana conspiracy (Kurt Walter, Douglas Bannerman). [See 1/22/04 Tr. at 7-15; 12/16/04 Tr. at 43-48.] That evidence consisted of testimony, both live and as incorporated from the complaint affidavit, and of tape-recorded telephone calls both with and

about Myers.¹  Among other things, the court heard evidence that Myers was given information about where to find the person who owed the marijuana debt, and that Myers undertook to find that person. [1/22/04 Tr. at 13-15; 12/16/04 Tr. at 48.]

The government also presented evidence that, on the evening of December 3, 2003, DEA agents attempted to arrest Myers. [See 1/22/04 Tr. at 21-26.]  The court heard that, on that evening, DEA agents were waiting at a home in Milton where Myers was believed to stay.  At approximately 11:30 p.m. agents saw a dark-colored BMW pull onto the block. [Id. at 21.]  The car's headlights illuminated first one, then another surveillance vehicle, before it pulled up in front of the house the agents had identified. [Id. at 21-23.]  When the agents began to move in to effect an arrest, the driver of the BMW suddenly accelerated into the front of Special Agent Dennis Barton's vehicle, causing approximately $7,500 worth of damage and disabling it.² [Id. at 23-24.]  The BMW then led officers on a high-speed chase before being lost. [Id. at 23.]  A surveillance officer later saw a photograph of Myers and identified him as the driver of the BMW. [Id. at 25-26.]

Myers has a substantial criminal record, which was before

---

¹These recordings were admitted in evidence and are available for the Court's review, if desired.

²Photographs of the Chevrolet Blazer were admitted in evidence and are also available for the Court's review.

3

the court at the detention hearing (as reflected in the detention decision). At the time he attempted the debt-collection, the evidence reflected that Myers had recently been relieved of parole restrictions on a state case. [1/22/04 Tr. at 15; 12/16/03 Tr. 47.]

## II. Argument: Myers' Motion For Release Is Meritless and Should be Denied.

Under United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir. 1990), this Court must conduct a *de novo* review of the detention decision. This Court need not, however, conduct a *de novo* hearing, nor is it necessary to disregard Judge Collings' fact-finding and the inferences to be drawn therefrom. See United States v. Pierce, 107 F. Supp.2d 126 (D. Mass. 2000). This Court can, as the Tortora court did, "accept[] the subsidiary facts as found by the magistrate." Tortora, 922 F.2d at 883. Alternatively, this Court may reject the magistrate's fact-finding and hold a new, or a supplemental, hearing.

United States v. Koenig, cited in Tortora, explained the meaning of *de novo* review in the context of a detention order:

> It may be too late to restore the original precision to the term "de novo," but we can at least state what we conceive it to mean in the context of a district court's review of a magistrate's detention order. Clearly, the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist. The district court erred, however, in ruling that it could review the magistrate's findings under a "clearly erroneous" standard

4

>of deference. It should review the evidence
before the magistrate and make its own
independent determination whether the
magistrate's findings are correct, with no
deference. If the performance of that
function makes it necessary or desirable for
the district judge to hold additional
evidentiary hearings, it may do so, and its
power to do so is not limited to occasions
when evidence is offered that was not
presented to the magistrate. [citation
omitted]. The point is that the district
court is to make its own "de novo"
determination of facts, whether different
from or an adoption of the findings of the
magistrate. It also follows ... that the
ultimate determination of the propriety of
detention is also to be decided without
deference to the magistrate's ultimate
conclusion. [citations omitted] The district
court in this case erred, therefore, in
concluding that it should not set aside the
magistrates' factual determinations unless
they were clearly erroneous. However, the
district court also stated that the
magistrates' findings were the same ones that
the district court would have made on the
evidence presented to the magistrate. We
conclude that this determination renders
harmless the district court's error in the
standard of review. Even under the proper "de
novo" requirement, the district court, while
empowered to do so, is not required to hold
an evidentiary hearing when no evidence is
offered that was not before the magistrate.

<u>United States v. Koenig</u>, 912 F.2d 1190, 1192-93 (9th Cir. 1990).

In this case, the Court can conduct a meaningful *de novo* review of the evidence by reviewing the transcripts, attached at Tabs 1-3 hereto; Myers' criminal record (attached at Tab 4); the Complaint Affidavit, which was admitted as Exhibit 1 at the detention hearing (attached at Tab 5); and the detention hearing exhibits, if desired. Myers has shown no need for (and made no

request for) an evidentiary hearing, and the government submits that none is required.

### III. Conclusion: The Evidence Overwhelmingly Supports Myers' Detention.

Myers is charged with a serious drug crime that carries a presumption of detention. The government presented evidence that he was employed to collect a drug debt, and that he took steps to do so. Myers' tendency toward violence is evidenced in his evasion of arrest on December 3 and in his criminal record. He committed the instant crime while on probation. His record shows many defaults and, as noted in the detention decision, a conviction for escape. In short, Myers was properly ordered detained. The motion should be denied.

Respectfully submitted,

MICHAEL J SULLIVAN
United States Attorney

By: _____
RACHEL E. HERSHFANG
Assistant U.S. Attorney
(617) 748-3249

Dated: March 22, 2004

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the persons listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

James M. Merberg, Esq.
66 Long Wharf
Boston, MA 02110

William J. Cintolo, Esq.
803 Hancock
Box 189
Quincy, MA 02170

Debra A. DelVecchio
DelVecchio & Houseman
Perry Building
15 Front St.

Kevin J. Reddington, Esq.
Kevin J. Reddington Law Office
1342 Belmont
Brockton, MA 02301

Salem, MA 01970

| | |
|---|---|
| John T. Diamond, III, Esq.<br>15 Foster St.<br>Quincy, MA 02169 | Adam A. Rowe, Esq.<br>Crowe & Dunn, LLP<br>141 Tremont St.<br>Boston, MA 02111 |
| Scott Myers #036662<br>Plymouth County HOC<br>26 Long Pond Road<br>H-3 #329<br>Plymouth, MA 02360 | Page Kelly, Esq.<br>Federal Defenders Office<br>408 Atlantic Avenue<br>Boston, MA  02109 |

This 22nd day of March, 2004.

_____
RACHEL E. HERSHFANG