```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )      No. 03-10370-DPW
     v.                       )
                              )
7. SCOTT MYERS,               )
                              )
          Defendant.          )
```

**GOVERNMENT'S SUPPLEMENTAL OPPOSITION TO SCOTT MYERS'
REQUEST FOR REVIEW OF DETENTION DECISION**

The United States of America, through counsel Michael J. Sullivan, United States Attorney, and Rachel E. Hershfang, Assistant United States Attorney, submits this memorandum in response to Defendant Scott Myers' ("Myers") May 6, 2004, Motion for Revocation of Detention Order. Following hearing, an Order of Detention Pending Trial was entered on February 5, 2004. The government previously filed a brief opposing efforts to disturb this decision on March 22, 2004. For the reasons set forth below, as well as in the government's initial brief, the government submits that Myers was properly ordered detained, and that this decision should not be disturbed.

Many of the facts relevant to this motion were set forth in the government's March 22 brief and will not be repeated here. Additional relevant facts are described below.

**I. Myers' History of Parole Violations Supports His Pretrial Detention.**

As the detention ruling recognizes, Myers has a history of

1

committing crimes while on parole or release.  Not only was he on parole (for receiving stolen property) when he committed the crime alleged, but he also was convicted of possession of a Class A substance when he was on release for the receiving stolen property charge.  Order of Detention Pending Trial, February 5, 2004.  A magistrate judge may properly consider a defendant's history of committing crimes while on parole.  Compare United States v. Tortora, 922 F.2d 880, 889 (1st Cir. 1990) (on appeal of district court's reversal of magistrate judge's detention order, noting that magistrate judge concluded defendant, "by his own words and deeds, has already demonstrated that conditions [of release] are not worth the paper on which they are written").  Myers' disregard for court orders was the primary basis upon which Judge Collings ordered him detained, and nothing in Myers' submission alters that factual landscape.  That order should not be disturbed.

**II.   Myers was Properly Denied Release; He is a Drug Conspirator.**

Title 18, United States Code, § 3142(e) creates a rebuttable presumption that those charged with felony drug offenses should be detained pending trial.  See 18 U.S.C. §3142(e).  Congress determined that such criminals pose a greater threat to the community due to the nature of these crimes, the related violence, and the high level of recidivism.  United States v. Jessup, 757 F.2d 378, 385-87 (1st Cir. 1985), abrogated on other

2

grounds, United States v. O'Brien, 895 F.2d 810, 815 (1st Cir. 1990); United States v. Shea, 749 F.Supp. 1162, 1166 (D. Mass. 1990)(drug traffickers are people typically engaged in "continuing patterns of criminal activity" who pose a "significant risk of pretrial recidivism") (quoting S. Rep. No. 225, 98th Cong. 2d Sess. 20, in 1985 U.S.C.C.A.N. 3182, 3203).

    Myers is a member of large marijuana trafficking outfit. The record amply reflects both his tendencies to violence and his recidivist inclinations. Myers was retained by Kurt Walter ("Walter"), a codefendant, as a debt-collector for a marijuana debt because he "wasn't afraid to do what [he] had to do to get the money back." Tr. 1/22/04 10 (testimony of Special Agent Dennis Barton).[1] Myers performed as advertised -- he went to the debtor's cousin's place of business and left a message for him, then tried to find his home. See id. at 10, 13-14, 52; 12/16/03 Tr. 48. Myers was not an unknowing participant in this activity. He and Walter discussed both the debt and the amount of the debt, $26,500. 1/22/04 Tr. 53-54. When Walter retained Myers to collect a $26,500 debt, there is every reason to conclude that Myers knew what sort of debt it was.

    Myers argues that because this conspiracy dealt with marijuana, instead of more "dangerous" drugs such as heroin or

---

[1] Citations to the detention hearing transcript will take the form "[date of hearing] Tr. [page cited]."

3

cocaine, the court should not apply the Congressional presumption against Myers.[2]  This argument finds no support in the law. Marijuana, like heroin, is a Schedule 1 controlled substance. Both are the subject of the same criminal statute (21 U.S.C. §841) and trafficking in both carries the possibility of lengthy prison terms.  Id.  There is no "marijuana exception" to the §3142 presumptions.

Myers' dangerous reputation was confirmed by an attempted arrest on December 3, 2003.  When agents attempted to arrest him, Myers rammed an undercover police car, then led the authorities on a high-speed chase through a populated area.  1/22/04 Tr. 20-26, 55-60.  Myers' criminal history reflects other violent crimes, including armed robbery.  Order of Detention Pending Trial, February 5, 2004.

Myers' recidivist tendencies are evident both on his record and in the record in this case.  Immediately upon his release on parole, Myers was back in contact with Walter, working to collect a drug debt; indeed, Walter noted that the loosening of Myers' parole conditions would make his debt-collecting job easier. 12/16/03 Tr. 47.  The eagerness and ease with which Myers resumed his criminal activities upon release are ample evidence of his recidivist tendencies.

---

[2] Defendant's Motion for Revocation of Detention Order, 5/6/04, at 3

**III.  Conclusion.**

Myers is a repeat offender, one who time and again commits new crimes while still on parole or release.  That disregard for the law is the bedrock on which the detention decision was built, and it is firm.  Nothing in Myers' submission, nor anything in the record, alters that fact.  Myers' alleged lack of resources to flee did not stop him from re-offending in the past, and would not stop him in the future.  Myers' argument that, compared to the paradigmatic drug dealer, he is less well-connected and less flush with necessary funds to flee, does nothing to alter the accuracy of the detention order.  That order should be affirmed.

                                          Respectfully submitted,
                                          MICHAEL J. SULLIVAN
                                          United States Attorney

                                By:   /s/ Rachel E. Hershfang
                                    RACHEL E. HERSHFANG
                                    Assistant U.S. Attorney

Dated: August 4, 2004