UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
     Plaintiff,                )
                               )
     v.                        )
                               )     Criminal No. 03-10370
SCOTT MYERS,                   )
                               )
     Defendant.                )
_____)
```

## DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER OR, IN THE ALTERNATIVE, FOR AN ESCORTED FURLOUGH TO ATTEND MOTHER'S WAKE AND FUNERAL

Defendant Scott Myers, by his attorney, hereby moves this Court to revoke his detention order or, in the alternative, for an escorted furlough to attend his mother's wake and funeral. As grounds therefor, defendant states:

1. Defendant has been detained in this case since December 4, 2003, when he voluntarily surrendered himself on an indictment charging him with conspiracy to distribute marijuana in violation of 18 U.S.C. §846. A identical superseding indictment in which defendant is given notice that he is accountable for at least 5, but less than 10, kilograms of marijuana was returned on October 28, 2004.

2. Defendant's mother, Suzanne Jackson Myers, passed away this past Saturday, December 11, 2004. Defendant is the family member who is primarily responsible for making necessary

arrangements.  He is presently dealing with Boston Medical Center to authorize an autopsy.

    3.  Defendant is seeking revocation of the detention order or, in the alternative, an escorted furlough so that he may attend his mother's wake and funeral.  The arrangements have not yet been made so he is unable, as of yet, to specify the time and date.  The undersigned has been informed by the U.S. Marshals Service that, if staffing is available it will only escort prisoners for a private viewing of deceased family members at the expense of the prisoner for the cost of the escort.  The Marshals Service has estimated that the cost may be as much a $1000.00.  Defendant, however, has been found to be indigent and unable to afford the cost of counsel for his defense.

    4.  The detention order should be revoked for the same reasons set forth in defendant's motion to revoke the detention order filed on May 6, 2004.  In addition, the government agrees that defendant's offense level for the amount of marijuana for which he would be held accountable, if convicted, is 14.  With a reduction of 2 levels for acceptance of responsibility, defendant's adjusted offense level would be 12.  Even if he were at a criminal history category of VI, his sentencing range would be 30-37 months.  He has already served over 12 months in pretrial detention.  Because of the relatively short time that defendant would have to serve in the event of a plea or

conviction after trial, he does not present a significant risk of flight. In view of the nature of the crime with which he is charged and the relatively minor role he is alleged to have played in it, he does not present a danger to the community or other persons.

    5. Alternatively, this Court should order that defendant be provided with an escorted furlough by the U.S. Marshals Service to attend his mother's wake and funeral and that the escort be at the expense of the government because of defendant's indigence.

    **WHEREFORE**, defendant prays that this Court revoke the detention order or, in the alternative, order that he be provided with an escorted furlough to attend his mother's wake and funeral at the expense of the government.

    Respectfully submitted,

/s/ Jonathan Shapiro
Jonathan Shapiro
No. 454220
Stern Shapiro Weissberg
   & Garin, LLP
90 Canal Street, 5th Floor
Boston, MA 02114
617-742-5800