

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

FILED IN CLERKS OFFICE
2005 JAN 31 P 4:40
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| *Main Reception: (617) 748-3100* | *United States Courthouse, Suite 9200*<br>*1 Courthouse Way*<br>*Boston, Massachusetts 02210* |

January 31, 2005

By Hand

Martin G. Weinberg
Oteri, Weinberg & Lawson
20 Park Plaza
Boston, MA 02116

    Re:   <u>United States v. Frank Giglio</u>
           Criminal No.03-10370-DPW

Dear Counsel:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.   <u>Rule 16 Materials</u>

1.   <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.   <u>Written Statements</u>

    Enclosed are the following relevant written statements made by the defendant Frank Giglio in the possession, custody or control of the government, the existence of which is known to the attorney for the government:

    Consent to search form Bates numbered 5144.

    b.   <u>Recorded Statements</u>

    Consensual tape and video recordings were made of telephone conversations and personal meetings involving the defendant. These recordings, bearing the DEA exhibit numbers N-230, N-240, N-435, N-436, N-438, N-439, and N-441 [audio] and N-440 and N-437 [video] are available for your review and copies are enclosed.

    c.    <u>Grand Jury Testimony of the Defendant</u>

The defendant did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The following documents are enclosed:

Personal history of defendant (Bates numbered 5142-5143).

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

I am aware that you were provided with a copy of your client's record at the initial appearance. If you need an additional copy, please let me know.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

The enclosed letters sent to earlier-indicted defendants describe the chemists' reports of the drugs seized during the course of the investigation. Copies of any outstanding reports will be provided to you upon receipt by this office.

B.    <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

The enclosed letters sent to earlier-indicted defendants describe the search warrants executed in connection with this investigation. Copies of those search warrants, applications, affidavits, and returns described in those letters are enclosed. In addition, consent searches were performed on the defendant's residence and two vehicles at the time of his arrest. Reports describing those searches are enclosed herewith, Bates numbered 5145-5147.

C.  <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

Wire communications, as defined in 18 U.S.C. § 2510, of the defendant relating to the charges in the indictment were intercepted pursuant to court-authorized electronic surveillance. On July 21, 2003, Hon. Joseph L. Tauro entered an order authorizing the interception of wire communications occurring over (617) 901-0104 for a period of 30 days. This authorization was renewed periodically, and authorization granted for additional telephone numbers, until December 2, 2003. (The documents relating to these authorizations and their renewals are enclosed herewith.)

The government intends to offer communications of the defendant intercepted pursuant to this order as evidence in its case-in-chief.

A copy of the applications for authorization to intercept communications relating to the charges contained in the indictment in which the defendant was named as an interceptee, and pursuant to which the defendant was intercepted are enclosed. Copies of the supporting affidavits of Special Agent Brian Tomasetta, as well as court orders authorizing the interceptions, and the court orders directing the sealing of intercepted communications under 18 U.S.C. § 2518(a) also are enclosed.

D.  <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

A written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire and oral/ communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief is enclosed in the form of DEA-6 reports and DEA-7a reports.

E.  **Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)**

Some of the names of known unindicted coconspirators as to the conspiracy charged in Count One of the indictment are set forth in a separate letter, dated January 14, 2004, to defense counsel filed under seal with the court. Additional coconspirators or suspected coconspirators are named in unredacted copies of the initial pages of the applications for the Title III intercepts in this case, enclosed herewith and Bates numbered 00001, 00106, 00289, 00374, 00491, 00715, and 00716.

F.    Identifications under Local Rule 116.1(C)(1)(f)

The defendant was a subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief ("CW-6") involving a photo spread of an image of the defendant. A copy of the photo spread used in or memorializing the identification procedure is enclosed, Bates numbered 5148.

G.    Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), please see the initial automatic discovery letter in the case, dated January 14, 2004, a copy of which is enclosed herewith. In addition, the government states as follows:

1.    The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2.    Except as may be disclosed by the discovery provided herewith, the government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.    In addition to the disclosures made in the letters enclosed herewith, addressed to other counsel in the case, the following promises, rewards, or inducements have been given to a cooperating witness whom the government anticipates calling in its case-in-chief. Pursuant to L.R. 116.6, the government declines at this time to identify this witness by name, as disclosing the name might result in witness tampering and/or risk of physical harm to a witness. The government will refer to this individual as "CW-6." CW-6 has been charged in the District of Massachusetts with conspiracy to possess marijuana with intent to distribute. CW-6 expects that its assistance in this and other investigations will be reflected in the government's recommendation that CW-6 receive a reduced sentence for those pending charges. A copy of the plea agreement, redacted so as to protect CW-6's identity, is enclosed herewith, Bates numbered 5114-5124. A copy of the proffer letter, redacted so as to protect CW-6's identity, is enclosed herewith, Bates numbered 5128-5129.

4

4. The government is aware that CW-6 has a criminal record. A copy of that record, redacted so as to protect CW-6's identity, is enclosed herewith, Bates numbered 5130-5136.

5. As noted above, and as revealed on the enclosed criminal record, the government is aware that CW-6 has a criminal case pending.

6. No named percipient witness failed to make a positive identification of defendant with respect to the crime at issue.

H.  Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

Please call the undersigned Assistant U.S. Attorney at (617) 748-3249 if you have any questions.

                                        Very truly yours,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                              By:       /s/ Rachel E. Hershfang
                                        RACHEL E. HERSHFANG
                                        Assistant U.S. Attorney

cc:  Ms. Noreen Russo
     Clerk to the Honorable Robert B. Collings
     (w/o enclosure(s))