

U.S. Department of Justice

United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

April 11, 2005

**By Facsimile Transmission and First Class Mail**
**Fax# (617) 338-9538**

Martin G. Weinberg
Oteri, Weinberg & Lawson
20 Park Plaza
Boston, MA 02116

    Re:  **United States v. Frank Giglio**
          **Criminal No. 04-10370-DPW**

Dear Counsel:

    This letter is in response to your discovery letter dated March 28, 2005. I have addressed each of your requests below.

    **Request #1:** That the Government agree to specifically identify, no later than July 1, 2005 (and to supplement this list as required), any tapes and/or other documents that it presently intends to introduce into evidence at trial to enable the defendant a fair opportunity to prepare effectively given the quantity of interceptions resulting from the electronic surveillance in this case and the corresponding difficulty of identifying from such a universe of discovery documents material to the above-captioned prosecution, see, e.g., United States v. Poindexter, 727 F. Supp. 1470, 1484 (D.D.C. 1989); United States v. Upton, 856 F. Supp. 727, 747 (EDNY 1994);

    **Response:** This request seeks the production, 73 days before trial, of the government's exhibit list for the trial. Local Rule 117.1(A)(8)(b) sets the presumptive date for such disclosure at 7 days before trial, and Local Rule 117.1(A)(6) designates possible changes to this schedule as a matter for discussion at the final pretrial conference. In this case, trial has been set for September 12. The final pretrial conference

does not appear to have been scheduled. Hearings on the five pending substantive motions are set for July 26-28. The schedule you propose would require the government to identify, before those hearings, and without benefit of the Court's ruling thereon, the exhibits it intends to use at trial. Although I am not fundamentally opposed to the possibility of mutual early disclosure of exhibit lists, the proposed schedule is unworkable. The government declines to comply with this request at this time.

> **Request #2**. That the Government agree to identify any expert or summary witness, provide the qualifications of such person, identify each occasion where the person has previously testified, provide a summary of the witnesses' opinions, any exhibits that will be relied on including, but not limited to, summaries that will be offered pursuant to F.R.E. §1006 and the basis of the opinions as required by Fed.R.Crim.P. 16(a)(1)(G) at least 60 days before trial;

**Response:** As noted in the response to request #1, the government will not be in a position to know, 60 days before trial, what evidence it will be allowed to offer at trial, and what (if anything) will be suppressed. Furthermore, by order dated February 9, 2004, Judge Collings ordered that the government produce Fed.R.Crim.P. 16(a)(1)(G) discovery 45 days before trial, and that the defendants produce such reciprocal (Rule 16(b)(1)(C)) discovery 20 days before trial. The government declines to comply with this request at this time.

> **Request #3**. That the Government agree to disclose any evidence that it intends to offer pursuant to F.R.E. 404(b) at least 60 days before trial;

**Response:** Unless a defendant has declined to participate in automatic discovery, the government is required to disclose a general description of any crime, wrong, or act that it proposes to offer under Fed. R. Evid. 404(b) to the defendant twenty-one days before trial. See Local Rule 117.1(A)(4)(b). To the extent that this request seeks disclosure that is broader, or earlier, than the Local Rules require, the government declines to comply with this request at this time.

> **Request #4**. That the Government agree to disclose any evidence that it intends to rely on pursuant to F.R.E. 608(b) in the event the defendant testifies at least 60 days before trial;

**Response:** This request is covered by automatic discovery under Local Rule 116.1(C) (including the incorporation of Local

Rule 116.2) and, therefore, it is barred by Local Rule 116.3(D). The government notes that it is required to disclose a written description of any conduct that may be admissible under Fed. R. Evid. 608(b) known by the government to have been committed by a witness whom *the government* anticipates calling in its case-in-chief twenty-one days before trial. See Local Rule 116.2(B)(2)(f). To the extent that this request seeks disclosure that is broader, or earlier, than the Local Rules require, the government declines to comply with this request at this time.

>    **Request #5**. That the Government identify at least 60 days before trial any and all statements of the defendant that it intends to offer regardless of whether the source of the testimony is a law enforcement officer, a public document, or a civilian witness;

**Response:** To the extent this request seeks early discovery of evidence or exhibits, for the reasons set out in the government's response to request #1, the government declines to comply with this request at this time. To the extent it seeks something else, such as early discovery of the government's trial strategy, the government declines to comply with this request at this time.

>    **Request #6**. That the Government identify at least 60 days before trial any and all out of court statements of persons, other than the defendant, that the Government intends to offer pursuant to an exception to the hearsay rules or pursuant to F.R.E. 801 as non-hearsay so that the defendant can make appropriate legal challenges to the admissibility of such evidence including, but not limited to, Confrontation Clause challenges, see <u>Crawford v. Washington</u>, __ U.S. __ 124 S.Ct. 1354 (2004);

**Response:** To the extent this request seeks early discovery of evidence or exhibits, for the reasons set out in the government's response to request #1, the government declines to comply with this request at this time. To the extent it seeks something else, such as early discovery of the government's trial strategy, the government declines to comply with this request at this time.

>    **Request #7**. That pursuant to <u>Brady v. Maryland,</u> 373 U.S. 83 (1963), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the Government disclose discovery currently required by Local Rule 116.2(B)(2)(a-g), 60 days before trial;

**Response**: The government shall comply in all respects with its discovery obligations pursuant to Fed. R. Crim. P. 16, Local Rule 116.1 and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Giglio v. United States</u>, 405 U.S. 150 (1985). This information will be provided 21 days before trial. <u>See</u> L.R. 116.2(B). Early disclosure is neither practicable nor required, and the government therefore declines to comply with this request at this time.

**Request #8**. That the Government provide the defendant with a bill of particulars setting forth the dates, places, quantity of drugs and specific identity(s) of persons involved as to each alleged substantive transaction that will be alleged to be in furtherance of the conspiracy charged and each "manner and means" averment;

**Response:** Mr. Giglio is charged with a drug conspiracy under Title 21, U.S.C. §846. Proof of such a conspiracy does not require that the government allege or prove overt acts. Furthermore, Mr. Giglio has received thousands of pages in discovery, the review of which affords him ample opportunity to determine the basis for the charges against him and to prepare his defense. The government declines to comply with this request at this time.

**Request #9**: That the Government provide the defendant with unredacted copies of each Affidavit, Application and Order relating to the electronic surveillance conducted in this case, which have been provided only in redacted form;

**Response**: To the extent that previously redacted information may now be disclosed, without endangering any ongoing investigative activity, or the safety and security of anyone, the government will comply with this request.

**Request #10.** That the Government provide the defendant with transcripts of each taped conversation it intends to offer at trial by June 15, 2005; and

**Response:** As soon as the government has identified the conversations that will be used at trial and finalized the transcripts of those conversations, the transcripts will be forwarded to defense counsel for review and proposed revisions. The government declines to do so by June 15 -- three months before trial, and a month and a half before the hearing on the pending suppression motions -- as this schedule is impracticable, and would require the government to provide Mr. Giglio with a

4

partial exhibit list nearly 90 days before trial (see response to Request #1).

**Request #11.** That the Government disclose the identity of CW-6.

**Response:** The government objects to this request. As stated in its automatic discovery letter, which included information about CW-6, as required by L.R. 116.2(B)(1), the government declined to disclose the identity of CW-6 because of concerns that disclosing the name might result in witness tampering and/or risk of physical harm to a witness. (See L.R. 116.6(A)). The government declines to comply with this request.

           Very truly yours,

           MICHAEL J. SULLIVAN
           United States Attorney

    By: _/s/ Rachel E. Hershfang_
       Rachel E. Hershfang
       Assistant U.S. Attorney
       (617) 748-3249

cc: Ms. Noreen Russo,
  Clerk to the Honorable Robert B. Collings,
  U.S. Magistrate Judge