UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No.   03-10370-DPW |
| | ) | |
| | ) | |
| **DOUGLAS BANNERMAN, ET AL** | ) | |

**STATUS REPORT**

In response to the Court's request for a status report in advance of the conference currently set for June 14, 2005, the parties[1] submit the following Status Report.

1.  Outstanding Motions; whether hearing is required.

The following motions have been filed by the named defendants and opposed by the government:

a.  Motion to Suppress Wiretap Evidence, docket no. 160 (filed 11/22/04 by Bannerman); motions to join were filed by defendants John Graham (docket 156), Gary Newell (docket 167), Scott Myers (docket 163), Jose Vezga (docket 165), Kurt Walter (docket 177), and John McCarthy (docket 184), and allowed by the

---

[1]Because counsel for the government will be out of the office on June 7, this report is being filed on June 6.  Although a draft status report was sent to counsel in advance of filing, the compressed time period only allowed for response (and assent) from counsel for Kurt Walter, Daniel MacAuley, Jose Vezga, Frank Giglio, and Gary Newell.

1

Court on 2/8/05. Government opposition filed 12/18/04 (docket no. 186). The government submits that no hearing is necessary, and this motion may be decided on the papers.

      b.   Motion for a <u>Franks</u> hearing and to suppress evidence, docket no. 166 (filed 11/22/04 by Newell). Government opposition filed 12/28/04 (docket no. 197). The defendant has requested a hearing on this motion. The government submits that no hearing is necessary, and this motion may be decided on the papers.

      c.   Motion to dismiss indictment, docket no. 171 (filed 11/23/04 by Newell). Government opposition filed 12/28/04 (docket no. 197). The defendant has requested a hearing on this motion. The government submits that no hearing is necessary, and this motion may be decided on the papers.

      d.   Motion to suppress evidence seized as result of a traffic stop, docket no. 168 (filed 11/22/04 by Newell). Government opposition filed 12/28/04 (docket no. 196). The defendant has requested a hearing on this motion, and the parties will request that a date be set for such a hearing.

      e.   Motion to suppress search and seizure, docket no. 162 (filed 11/22/04 by Vezga). Government opposition filed 12/19/04 (docket no. 188). Vezga's response was filed on 1/10/05 (docket no. 212). The defendant has requested a hearing on this motion. The government submits that no hearing is necessary,

and this motion may be decided on the papers.

      f.   Motion to suppress the wiretap, docket no. 250 (filed by Giglio). Government opposition filed 6/6/05 (docket no. 257). The defendant has requested a hearing on this motion. The government submits that no hearing is necessary, and this motion may be decided on the papers.

      g.   Motion for (pretrial) discovey, filed by Giglio (docket no. 240). Government opposition filed 5/23/05 (docket no. 254). Decision reserved for District Judge, per order of Magistrate Judge Collings (electronic order, dated 5/26/05).

  2.   <u>Plea Negotiations/Anticipated Trial Defendants</u>

As of this writing, Scott Myers has entered a guilty plea and is set for disposition on July 14, 2005). Daniel MacAuley has indicated an intention to change his plea and will request the preparation of a pre-plea Presentence Report. All other defendants remain on the trial list.

  3.   <u>Speedy Trial Act Calculations</u>

The parties have conferred on the periods excludable from all Speedy Trial Act calculations and agree that the following periods are excludable:

| | |
|---|---|
| 12/2/03 - 4/4/04 | Order for exclusion entered 2/9/04 |
| 4/5 - 6/16/04 | Order for exclusion entered 4/5/04 |
| 6/17 - 9/22/04 | Order for exclusion entered 6/17/04 |
| 9/23 - 11/22/04 | Order for exclusion entered 9/28/04 |

    2/8/05-9/12/05:      excluded by order of the Court (docket no. 228)

In a prior status report, filed on February 8, the government submitted that two additional time periods (11/22/04-12/29/04, 12/29/04-2/8/05) were also subject to exclusion; no ruling appears to have been made with respect to these blocks of time. The setting of a September 12 trial date should moot any concern as to these periods of time.

                                 Respectfully submitted,

                                 MICHAEL J. SULLIVAN
                               UNITED STATES ATTORNEY

                        By: /s Rachel E. Hershfang
                            Rachel E. Hershfang
                            Assistant U.S. Attorney
                            One Courthouse Way
                            Boston, MA
                            (617) 748-3249