Myers.12CProb12C
DMA (3/2005)

# United States District Court
## for the District of Massachusetts
### Petition and Affidavit for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Scott Myers                                **Case Number:** 03-CR-10370-DPW

**Name of Sentencing Judicial Officer:** Honorable Douglas P. Woodlock, U.S. District Judge

**Date of Original Sentence:** 8/4/05

**Original Offense:** Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana, in violation of 21 U.S.C. § 846

**Original Sentence:** 24 months' custody followed by 3 years' Supervised Release

**Type of Supervision:** Supervised Release                      **Date Supervision Commenced:** 9/9/05

**Asst. U.S. Attorney:** Rachel E. Hershfang                     **Defense Attorney:** Jonathan Shapiro

---

## PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| I | **Violation of Standard Condition #7:** <u>The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.</u> |

On November 21, 2005, Mr. Myers submitted a positive urine test for morphine, and admitted to heroin use the day prior. In response to this drug use, the Probation Office increased Mr. Myers' drug testing, referred him for outpatient substance abuse treatment, and required his participation in 3 NA meetings per week.

On November 28, 2005, Mr. Myers advised the probation department that he used heroin and cocaine the weekend prior. Mr. Myers reported that he was being admitted to a detox program, which was to be followed by an intensive outpatient program. Mr. Myers did not follow through with either service.

On December 16, 2005, Mr. Myers advised the probation department that he used heroin and cocaine. The Probation Office placed Mr. Myers into detox and then into a 60 day inpatient drug treatment program, which he completed on February 19, 2006. Mr. Myers was then referred to AdCare for outpatient substance abuse treatment.

On August 4, 2006, Mr. Myers submitted a positive urine test for morphine and cocaine, and admitted to using both substances 3 times between July 17, 2006 and August 4, 2006. Mr. Myers met with this writer and Supervising U.S. Probation Officer Jonathan Hurtig on this date. Mr. Myers denied the need for Detox or inpatient services and wanted to continue to address his substance abuse problem on an outpatient basis. Mr. Myers was offered the

opportunity to participate in the CARE program, with the instruction that he sit in on a CARE court hearing on August 9, 2006. Mr. Myers did not attend this hearing or call to explain his absence.

II     **Special Condition #1:** The defendant shall participate in a program for substance abuse as directed by Probation which program may include testing not to exceed 104 tests per year to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant may be required to contribute to the cost of such program.

Mr. Myers failed to submit a urine sample, pursuant to the random urinalysis color code program on July 17, 2006.

Mr. Myers failed to attend scheduled individual treatment sessions at AdCare on April 26, 2006, July 31, 2006, and August 10, 2006.

III    **Standard Condition #3:** The defendant shall answer truthfully all inquires by the Probation Officer and follow the instructions of the Probation Officer;

Mr. Myers failed to report to the U.S. Probation Office as directed on July 18, 2006, July 20, 2006, July 25, 2006, and August 15, 2006.

IV     **Standard Condition #5:** The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training, or other acceptable reasons:

Mr. Myers quit his job with Coca-Cola on April 25, 2006, and has not earned any income since this date.

**U.S. Probation Officer Recommendation:**

The term of supervision should be:
    [X]    Revoked
    [ ]    Extended for year(s), for a total term of years.

I declare under penalty of perjury that the foregoing is true and correct.

Reviewed/Approved by:

Jonathan Hurtig
Supervising U.S. Probation Officer

Respectfully submitted,

By     John G. Marshall
U.S. Probation Officer
Date: August 15, 2006

**THE COURT ORDERS**
[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

August 17, 2006
Date