UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
        v.                        )    Case No. 03-10370-DPW
                                  )
SCOTT MEYERS,                     )
                                  )
        Defendant.                )


GOVERNMENT'S MEMORANDUM REGARDING IMPORT OF DEFENDANT'S FAILURE
TO REPORT TO PROBATION AS REQUIRED BY CONDITIONS OF BOND

The United States of America, by Assistant U.S. Attorney Nathaniel R. Mendell, hereby files this memorandum regarding the import of defendant's failure to report to probation as required by conditions of bond.

ABBREVIATED BACKGROUND

Defendant is charged with several violations of his terms of supervised release. The defendant contests only whether he violated federal law while on supervised release by failing to appear in court as required on May 12, 2008.

This Court held a final revocation hearing on the charged supervised released violations on June 23, 2008. The defendant's probation officer testified regarding the defendant's conduct, including: positive drug tests, missed drug tests, failures to report to probation as directed, failure to appear for a final revocation hearing on May 12, 2008, and failure to adhere to other conditions of bond.

At the conclusion of the hearing, the Court found that the defendant committed those violations conceded by the defendant, but reserved judgment on the contested charge that defendant violated federal law while on supervised release. The Court requested briefing regarding the import of the defendant's failure to report to his probation officer during the several weeks prior to defendant's failure to appear on May 12, 2008.

<u>ARGUMENT</u>

As set forth below, the government has proven each element required to show that defendant violated 18 U.S.C. § 3146 while on supervised release. The defendant's conduct in the weeks prior to his failure to appear, and particularly his failure to report to probation as required by conditions of bond, proves that the defendant's failure to appear was willful.

<u>I.</u>    <u>Elements of 18 U.S.C. § 3146</u>

To establish a violation of 18 U.S.C. § 3146, the government must prove that the defendant:

    A.   Was released on bond by a United States Magistrate Judge on condition that he appear in court;

    B.   Failed to appear as required; and

    C.   Was willful in his failure to appear.

<u>See</u> 18 U.S.C. § 3146; <u>see also</u> <u>United States v. Colon-Osorio</u>, 10 F.3d 41, 45 (1st Cir. 1994); <u>United States v. Kinsella</u>, 545 F.Supp.2d 148, 152-153 (D. Me. 2008).

II.  The evidence in this case proves each element of 18 U.S.C.
§ 3146.

Through testimony and documentary evidence, the government has proven each of the elements of 18 U.S.C. § 3146.  Defendant's conduct while released on bond, which consisted of violating every condition of bond, proves that his failure to appear was willful.

A.  Defendant was released on bond by a United States
Magistrate Judge on condition that he appear in court.

The defendant was released on bond by Magistrate Judge Collings and was required by order of the court and by the conditions of his release to appear in court for a final revocation hearing originally scheduled for April 23, 2008, and later continued to May 12, 2008.

The defendant also had knowledge that he was required to appear, as evidenced by the fact that (a) Magistrate Judge Collings told him that he needed to appear as directed, (b) the defendant's bond explicitly required that the defendant "appear at all proceedings as required," (c) the defendant's bond explicitly required that the defendant appear at "Judge Woodlock's Ct. Room on 4/23/08 @ 2:00 p.m.," and (d) the original court date of April 23, 2008, was set at the same hearing where Judge Collings set the conditions of bond.

Of course, the defendant's failure to report to probation as required also resolves the question of whether the defendant knew he had to appear in court, because "[w]hen a defendant engages in

3

a course of conduct designed to avoid notice of his trial date, the government is not required to prove the defendant's actual knowledge of that date." Weaver v. United States, 37 F.3d 1411, 1412-13 (9th Cir. 1994); see also United States v. Martinez, 890 F.2d 1088, 1093 (10th Cir. 1989); United States v. Bright, 541 F.2d 471, 475-77 (5th Cir. 1976).

In Weaver, the defendant failed to appear for trial because he did not contact his pre-trial services officer as directed. The court held that defendant's failure to contact his pre-trial services officer as directed "obviated any need for the government to prove that [the defendant] had actual knowledge of [the trial date]." Id. at 1413.

Similarly, the defendant's conduct in this case obviates the need for the government to prove that he had actual knowledge of the date on which he had to appear. The defendant was released on bond on April 9, 2008. Within a week of his release, the defendant tested positive for drug use and stopped reporting to probation as required. For the next several weeks leading up to his May 12, 2008, court date, the defendant did not report to probation, although he was required to report to probation in person three times each week. As was made clear at the hearing on June 23, 2008, the defendant would have received notice of the date for his final revocation hearing during at least one of the many dates on which he was required to report to probation.

4

By failing to report to probation three days a week as required, defendant engaged in a course of conduct designed to avoid notice of the date of the final revocation hearing. Under these circumstances, the government is not required to prove the defendant's actual notice. Id.

B.    Defendant failed to appear as required.

The defendant failed to appear as required on May 12, 2008.

C.    Defendant's failure to appear was willful.

The defendant's failure to report to probation as required by the conditions of his bond is evidence that his failure to appear at his final revocation hearing was willful. In addition, the defendant's failure to satisfy any of the conditions of his bond and his long history of failing to report and to appear clearly proves the "willfulness" element under 18 U.S.C. § 3146.

Failure to comply with a supervised release order that would have made the defendant available for a court appearance is proof of willfulness. See United States v. Simmons, 912 F.2d 1215, 1217 (10th Cir. 1990). In Simmons, the defendant was ordered to enter a full-time training facility as an alternative to incarceration. Defendant left the facility, however. As a result of leaving the facility, the defendant failed to receive notice of a hearing and failed to appear as required. The court found that the defendant's failure to appear was willful, because the defendant would have had

5

notice had he "abided by the terms of the supervised release order," and because the defendant's "failure to comply with the supervised released order [was] a willful failure to be available to receive notice of and be available for any court proceedings that might be scheduled." Id.

In this case, the defendant stopped reporting to probation, could not be reached at 151 Dorchester Street, and failed to show that he had installed a land line telephone at 151 Dorchester – all in violation of the conditions of his bond. Had defendant complied with his bond, he would have had notice of the May 12, 2008, hearing either from his attorney, or from probation. Thus, the defendant's failure to appear was willful. Id. (The government does not concede that defendant did not have actual notice.)

A defendant's failure to apprise the court of his whereabouts is evidence of willfulness. See United States v. Ott, 741 F.2d 226, 228 (8th Cir. 1984). In Ott, the defendant was directed to reside at her parents' home pending further proceedings. The defendant failed to appear as directed and could not be found at her parents' residence. Id. at 227. The defendant argued that the government had not proved that defendant's failure to appear was willful, but the court found that defendant's failure to "apprise the court of . . . her whereabouts" was evidence of willfulness. Id. at 228. The court also noted that evidence of unsuccessful attempts to locate the defendant was evidence of willfulness. Id.

6

The defendant in this case was required to reside "only at 151 Dorchester Street" and to provide proof that he had installed a land line at the same address.  Had the defendant honored either of these conditions, he would have been available for notice of meetings with probation and appearances before the court.  The defendant honored neither condition, however.  In addition, the U.S. Marshals did not find the defendant at 151 Dorchester Street, and the defendant never showed probation that he had installed a land line telephone at that address.  This conduct was a failure to apprise the court of the defendant's whereabouts, as ordered, and is further evidence that defendant's failure to appear on May 12, 2008 was willful.

The defendant's failure to comply with every condition of his bond is also evidence that his failure to appear was willful.  See United States v. Clemons, 676 F.2d 124, 126 (5th Cir. 1982) ("A violation of terms of bond, although not a violation of [Section 3146] itself, may be considered in determining willfulness.").  The defendant in this case failed to comply with any of the conditions of the bond granted by Magistrate Judge Collings.  The defendant:

1.    did not appear in court as required,

2.    did not refrain from possessing drugs (he tested positive for cocaine use within a week of his release;

3.    did not report to probation every Monday, Wednesday and Friday;

7

4.    did not reside "only at 151 Dorchester Street;"

5.    did not provide evidence of his earnings "[e]very Monday
      when [he was required to] report to Probation;" and

6.    did not "[b]ring in proof" that he had installed a land
      line telephone at 151 Dorchester Street.

Each of these failures to comply is evidence that the defendant's
failure to appear was willful.    <u>Id.</u>

      Moreover, it bears mention that defendant's failure to appear
was yet another installment in a pattern of failures to report, to
test, and to appear that stretches for years.  The record is clear
that the defendant's failures to report and appear have been
willful and not the result of accident or mistake.  The defendant
has even failed to report for meetings re-scheduled at his request
for dates he chose.

CONCLUSION

For all the reasons set forth above, it is clear that the defendant violated 18 U.S.C. § 3146 while on supervised release by failing to appear in court on May 12, 2008. Furthermore, it is clear that defendant's conduct in the weeks prior to his failure to appear proves that his failure to appear was willful.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Nathaniel R. Mendell
NATHANIEL R. MENDELL
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210
(617) 748-3304

Date: June 30, 2008

9