UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Criminal No. 03-10370-DPW |
| SCOTT MYERS, | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S MEMORANDUM RE: REVOCATION OF
SUPERVISED RELEASE**

This memorandum is being filed with respect to the issue of whether, at the hearing held

on June 23, 2008, there was sufficient evidence on the basis of which the Court can find that

defendant violated 18 U.S.C. §3146 as a result of his failure to appear at a final revocation

hearing that had been scheduled for May 12, 2008.  Although defendant concedes that he was

released by Magistrate Judge Collings on condition that he appear for his final revocation

hearing and that he failed to appear for that hearing, there was insufficient evidence that

defendant had actual notice that he was required to appear on May 12, 2008, and that his failure

to appear on that date was willful.

A. **The Evidence Does Not Establish That Defendant Had Notice That He Was
   Required To Appear On May 12, 2008.**

One of the elements of a violation of §3146 is that the defendant had actual notice that he

was required to appear in court on the date and time in question.  See United States v. Stewart,

104 F.3d 1377, 1385 (D.C. Cir. 1997).  In the present case, however, it is undisputed that when

he was released by the Magistrate Judge on April 9, 2008, defendant was informed that he was

required to appear for the final revocation hearing on April 23, 2008.  On April 22, 2008, the

hearing was rescheduled from April 23rd to May 12th by an electronic notice published on the

court's ECF system.  The Probation Officer did not send a written notice of the rescheduling to

defendant's address, and there is simply no evidence that defendant actually received any notice

of the rescheduled date.

The government argues, however, that "[w]hen a defendant engages in a course of

conduct designed to avoid notice of his trial date, the government is not required to prove the

defendant's actual knowledge of that date."  Weaver v. United States, 37 F.3d 1411, 1412-13 (9th

Cir. 1994).  It argues that his failure to comply with the requirements of his release that he stay

in contact with his probation officer was such a "course of conduct" because his probation

officer would have informed him of the rescheduled hearing date.  But the evidence did not

establish that defendant would have been informed of the changed date even if he had reported to

the Probation Office as required.  In fact, the probation officer testified that since he had been

out of the office between April 23rd and May 12th defendant would not have been able to contact

him at all during that period.  Furthermore, he was unable to say whether any other probation

officer to whom defendant would have reported was aware of the rescheduled hearing date and

would have informed defendant of it.  The government's position that defendant's failure to

contact his probation officer as directed obviated any need for the government to prove that

defendant had actual knowledge of the hearing date because he would have received actual

notice if he had done so is based on pure speculation.

The other cases relied on by the government are inapposite.  In United States v. Fisher,

137 F.3d 1158 (9th Cir. 1998), the court held that the government did not have to prove that the

defendant had actual knowledge of a court date where the defendant had violated the terms of his

release by changing his residential address without permission so that he could not receive notice

of his required appearance.  And in United States v. Martinez, 890 F.2d 1088 (10th Cir. 1989),

the court held that the undisputed evidence that the defendant had been mailed notice of his

surrender date was sufficient to show that he had notice under the "well settled presumption that

notice mailed is notice received."  In the present case, there is no evidence that defendant had

changed his residential address or that he would not have received notice of the rescheduled

court date if it had been mailed to him at that address.

> **B.  The Evidence Does Not Establish That Defendant's Failure To Appear Was
> Willful.**

Willfulness is an essential element of a violation of §3146.  United States v. Ott, 741 F.2d

226, 228 (8th Cir. 1984).  It means that the failure to appear be "committed voluntarily and with

the purpose of violating the law, and not by mistake, accident, or in good faith."  United States v.

Bourassa, 411 F.2d 69, 74 (10th Cir. 1969).  Evidence that the defendant did not appear in court

as required and that he was aware of that obligation is, in and of itself, insufficient to prove

willfulness.  See United States v. Wilson, 631 F.2d 118, 120 (9th Cir. 1980); United States v.

Reed, 354 F.Supp. 18, 20 (D. Mo. 1973)("Violation of the conditions of the bond, standing

alone, is not sufficient evidence" to prove willfulness).

In the present case, however, the government relies for proof of willfulness on nothing

more than defendant's failure to appear on May 12th and the violation of certain other conditions

of his release, even though there is no evidence that defendant's compliance with those

conditions would have resulted in his being notified of the rescheduled hearing date.  The

evidence did not establish that defendant was not living at 151 Dorchester Street or that he did

not install a land line at that address.  The probation officer testified only that on one occasion

the  marshals did not find him there, and that defendant failed to produce evidence that he had

installed a phone there.  Without proof that defendant had actual notice of the date he was

required to appear and that he intentionally failed to appear on that date, the government has

failed to establish willfulness.

## Conclusion

For the foregoing reasons, the government has failed to establish that defendant had

actual notice that he was required to appear for a final revocation hearing on May 12, 2008, and

that his failure to appear was willful.  Accordingly, it has failed to establish that defendant

violated 18 U.S.C. §3146.

Respectfully submitted,

s/ Jonathan Shapiro
Jonathan Shapiro
BBO No. 454220
Stern Shapiro Weissberg
   & Garin LLP
90 Canal Street
Boston, MA 02114
617-742-5800

Dated: July 10, 2008

## Certificate of Service

This is to certify that the foregoing document, filed through the ECF system, has been
served electronically on the registered participants on July 10, 2008.

s/ Jonathan Shapiro
Jonathan Shapiro

G:\SSWG\MYERS, S\revocation of supervised release memo.wpd